*Rutland,*
*January,*
*1826.*

John T. Duncan, appellant, *vs.* Preserved Fish, *adm'r of John Burlingame,* appellee.

When an administrator sells real estate of the deceased, which is incumbered by mortgage, he may sell the equity of redemption merely; but in that case, it is his duty to take security from the purchaser, that he will clear off the mortgage; or, if the mortgagee be the purchaser, to exact of him a discharge of the debt constituting the incumbrance, and to make his return of sales accordingly.

And it is equally proper, for him to sell the estate without noticing the incumbrance in his return; applying the purchase money, in the first instance, to the discharge of the incumbrance, and leaving the balance, if any, with the residuum of the estate. And his return ought to show the course actually pursued.

So too, his account ought to exhibit a credit, for the amount of the sale, including the incumbrance, and a charge for the amount which has gone in discharge of the incumbrance.

If the incumbrance is greater than the value of the estate, the mortgagee, without foreclosing, is entitled to his dividend, with other creditors. If, by the receipt of such dividend, the incumbrance is so reduced that the administrator can realize anything to the estate, from a sale, it is *then* his duty to sell in one of the modes above mentioned, and discharge the balance of the incumbrance.

Duty of the probate court, where returns of sales, or accounts, are improperly exhibited.

THIS was an appeal by a creditor to the estate of John Burlingame, from *three decrees* of the probate court for the district of Rutland, touching the settlement of said estate.

The appellant assigned several causes, appearing in the record of the probate court, for which he claimed a reversal of the several decrees aforesaid; to which there was a demurrer by the administrator.

The nature of the decrees, and the causes for reversing them, will sufficiently appear from the statement of the case, contained in the opinion of the Court, which was delivered by

Hutchinson, J. John T. Duncan, a creditor of John Burlingame, deceased, has appealed to this Court from three decrees of the court of probate, for the district of Rutland, made in the settlement of said estate, and so made as to operate to the injury of the creditors, as the appellant contends.

The first of these decrees is on the acceptance of the return of the sale of the real estate by Preserved Fish, administrator, by which it appears, that he sold the equity of redemption of certain mortgaged premises, for some trifling sum, without showing but that the debts secured by the mortgages yet remained uncancelled, and fair claims to come in for a dividend, with other creditors, and without stating what those incumbrances amounted to.

The second decree appealed from, allows the account of said administrator, and strikes the balance to form a dividend, without comprising, in any shape, the amount of the incumbrances created by said mortgages.

The third decree appealed from, allows a dividend of forty-six cents upon the dollar, upon the claims allowed by the commissioners, and, among these claims, are the same debts secured by said mortgages, and which formed the incumbrances upon the said real estate.

It is impossible that these decrees should stand without doing injustice somewhere. This dividend to these mortgage credit-

Rutland,
January,
1826.

Duncan
vs.
Fish, adm'r.

ors draws so much from the other creditors, and operated as a gift of the same sum to the purchasers of the equity of redemption. This they ought not to receive, neither ought said other creditors to lose it, from their dividend. The administrator may have possessed good intentions, and not realized the result of the course he pursued; but the Court consider his course incorrect, and not warranted by law. If he would sell, as his return imports, the equity of redemption only, he should have taken security from the purchaser, that he would clear off the incumbrances, and save the estate from the same; or, if mortgagee is purchaser, let him cancel his claim against the estate, and see that this is done before a dividend is struck, and then the mortgage creditors cannot come in for a dividend. Or, he may as well sell the estate for what it will bring, saying nothing about the incumbrance, and then pay off the incumbrance with the money he receives on the sale. The return of sales ought to have been rejected, till the court of probate were satisfied that one or the other of these courses had been pursued, and the return so made that the settlement of accounts could conform to the mode actually pursued in discharging the incumbrances.

So, the administrator's account ought to contain a charge in his favour, for paying the incumbrances; and then a credit for the sum received at the sale, which of course, and in legal operation, must be the amount of the incumbrance, and the sum for which the equity of redemption was sold. The account exhibited, ought to have been rejected, and the administrator compelled to exhibit his account upon the plan above suggested, showing the debts secured by mortgage to be all paid; also their amount, and showing what is realized upon the sale of the real estate. Had this course been pursued, no door would have been open for the error complained of in the third decree; for the mortgage creditors, having received their debts, could have had no pretence to claim a dividend.

The course here suggested, is altogether a practicable one. No sort of difficulty can attend it, unless in a case where the real estate is of less value than the debt attached to it by the mortgage; and then there would be less difficulty in this way than any other. The creditor, in such a case, without foreclosing his mortgage, can claim a dividend with other creditors, and that diminishes the incumbrance so much. If that still remains of greater value than the estate mortgaged, all is well. If otherwise, the equity of redemption, or the whole estate, may then be sold, and the rest of the incumbrance paid off; and the balance, if any, may go to the general fund.

It is considered by this Court that the three several decrees appealed from in this case, be, and they are vacated and holden for nought; and that the cause be remanded to the said court of probate, for him to proceed and complete the settlement of the estate, according to the principles herein decided by this Court.

An abstract of this decision was accordingly certified by the clerk, and transmitted to the probate court, for the government thereof in the ulterior proceedings in the cause.

*Chauncey Langdon* and *Moses Strong,* for the appellant.

*Wm. Page, J. Clark, Silas H. Hodges* and *Chs. K. Williams,* for the appellee.